UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| JOHN LINDBERG, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | No. 1:24-cv-00019 |
| JASON CLENDENION, in his individual capacity; JOSEPH GILBERT, in his individual capacity; TED BALTIMORE, in his individual capacity; CLINT ZYLA, in his individual capacity; BRIDGET ALLEN, in her individual capacity; DUSTIN MACKIN, in his individual capacity; MICHAEL YABLONSKI, in his individual capacity; JOHNNA BROWN, in her individual capacity; JAKE COOLEY, in his individual capacity; and DANIEL ARNOLD in his individual capacity. | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 28), recommending that the Court grant the Motion to Dismiss of Defendants Jason Clendenion, Joseph Gilbert, Ted Baltimore, Clint Zyla, Bridget Allen, Dustin Mackin, Michael Yablonski, Johnna Brown, Jake Cooley, and Daniel Arnold. (Doc. No. 22). Plaintiff John Lindberg filed timely Objections, (Doc. No. 29), to which Defendants did not respond. The Court has reviewed the R&R de novo. For the following reasons, the Court accepts and adopts the R&R and will dismiss this case.

## II. STANDARD OF REVIEW

A party may object to and seek review of a R&R. Fed. R. Civ. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. Fed. R. Civ. P. 72(b)(3). A party must object timely and with specificity — failure to do so waives any right of appeal. Thomas v. Arn, 474 U.S. 140, 151, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (citation omitted); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). Parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). That short statement must be "plausible" when "measured against the elements" of a claim. See Darby v. Childvine, Inc., 964 F.3d 440, 444 (6th Cir. 2020). "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cooperrider v. Woods, 127 F.4th 1019, 1027 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When assessing a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (internal citations omitted). Courts must distinguish between allegations that are "well-pled" under Rule 8, and "naked

assertions." See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79, 129 S.Ct. 1937. "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions' " or " 'a formulaic recitation of a cause of action's elements[.]' " Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citation omitted). To survive a motion to dismiss, the complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id.

### III. FACTUAL ALLEGATIONS

Plaintiff alleges a series of events from 2020 to 2024 that he believes constitute retaliation. These have been adequately summarized by the Magistrate Judge.

> Plaintiff alleges that Defendants have retaliated against him because of his use of the inmate grievance system and because of lawsuits that he has filed in the state courts. [Doc. No. 1 at 6-22]. In a 28 page complaint, he asserts that the events at issue began in August 2020, when Defendant Dustin Mackin, an internal affairs investigator, issued Plaintiff a disciplinary report for the charge of violation of state law. The charge was related to Plaintiff's involvement in the introduction of drugs into the facility. Although Plaintiff asserted his innocence of the charge, he was ultimately found guilty and his administrative appeals to the Turney Center warden and the TDOC commissioner were denied.
>
> Plaintiff contends that the retaliation began after he sought to contest the disciplinary charge at the administrative level and after he began to pursue a writ of certiorari in the Tennessee state courts seeking relief from the disciplinary conviction. [(]Id. at 21, ¶¶ 180 and 183.2[.)]
>
> He complains that he was subjected 14 disciplinary reports, 16 cell searches, and 7 drug tests over a three and a half year period, as well as visitation

restrictions and placement in segregation related to the disciplinary charges. Plaintiff asserts that some of the disciplinary reports were dismissed, some resulted in convictions, and that he pled guilty to others, but he did so only because he was under duress from prison officials.

Plaintiff further alleges numerous instances when prison officials either failed to respond or failed to promptly respond to his grievances, questions, messages, and requests for notary services, copies, and other types of assistance. Plaintiff also contends that prison officials wrongly confiscated or lost his property, which led him to successfully seek relief before the Tennessee Claims Commission for the property loss.

(Doc. No. 28 at 2–3.) Plaintiff then concludes:

This calculated harassment and retaliation is ongoing and unrelated to any legitimate prison need, it is a cruel and unusual punishment, <u>it is a result of the culture of retaliation rampant in TDOC in general and Turney Center specifically</u>, that allows staff to try and punish inmates in order to prevent them from petitioning the government for the redress of their grievances with staff here at TCIX.

(Doc. No. 1 at 22 (¶ 185).

## IV.    ANALYSIS

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. <u>Nationwide Recovery, Inc. v. City of Detroit, Michigan</u>, 163 F.4th 977, 989 (6th Cir. 2026). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. <u>Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee,</u> 35 F.4th 459, 468 (6th Cir. 2022).

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. <u>Thaddeus–X v. Blatter</u>, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that

4

would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. Id. at 394–99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than de minimis harm resulting from it. See Ingraham v. Wright, 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); Thaddeus–X, 175 F.3d at 396.

Plaintiff's objection to the R&R is that the Magistrate Judge did not appreciate that Plaintiff alleges continuous retaliation by the various Defendants. He states:

> The practice of retaliating against inmates who file grievances or lawsuits is not a discrete act, especially, as is the case here, when the retaliation is ongoing when the complaint is filed.
>
> Simply put, the Plaintiff is not complaining about any one act but rather his claim is based on the pattern of conduct of the Defendants. The acts taken as a whole, within the context of one another and Plaintiff's exercise of his first amendment rights is where significance is derived.
>
> By isolating each act from the others, the Magistrate Judge delegitimizes all of the Plaintiffs complaints. A single act is not a culture.
>
> Plaintiff is not complaining that he has been searched, ignored, or written up. Nor is he complaining about any of the numerus adverse or de [minimis] actions taken against him for their own sake. He is complaining about the reason these things have occurred.
>
> This lawsuit is about the retaliatory culture here, and the Defendants are merely the ones who have enforced this unwritten, unlawful policy against the Plaintiff.

(Doc. No. 29 at 2–3) (emphasis added).

However, the Magistrate Judge's recommendation to grant the motion to dismiss, reflects his understanding and consideration of Plaintiff's allegation of continuous retaliation. The Magistrate Judge writes:

> [T]his case does not involve a continuing tort or a "pattern of misconduct" type of claim. First, the Sixth Circuit has noted that the continuing violation doctrine, which

5

applies most frequently in the context of Title VII cases, is "rarely extended to § 1983 actions." Goldsmith v. Sharrett, 614 Fed. App'x 824, 828 (6th Cir. 2015). Second, even when the doctrine does apply, it does not save untimely claims from being dismissed if the claims are based upon discrete acts. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). <u>A prison inmate's First Amendment retaliation claim is necessarily based upon an adverse action, which is a discrete event that is readily identifiable and that triggers the running of the statute of limitations as an actionable harm. In such a situation, there is no basis for application of a continuing violation or continuing harm theory.</u> Finally, individual liability against a defendant under Section 1983 can only be based upon personal actions taken by that defendant. Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). A claim against an individual defendant that is based upon actions occurring outside the statute of limitations cannot be saved from being dismissed as untimely merely because a similar claim is timely brought against another individual defendant.

Id. at 7 (emphasis added).

The Complaint describes adverse actions that Plaintiff suffered from 2020 to 2024 by various Defendants for various reasons toward Plaintiff. The Court agrees with the Magistrate Judge that many of the events relied upon by Plaintiff are time-barred. Even if the events are timely, the Complaint is devoid of allegations connecting these various untimely events to a retaliatory motive. Put another way, while Plaintiff is the common denominator of the retaliatory action, there are no factual allegations that these Defendants were all motivated by retaliation over a four year period to infer causation. In short, there are insufficient factual allegations to make Plaintiff's "culture of retaliation" plausible. (Doc. No. 1 at 22 (¶ 185).) Plaintiff's allegations are too generalized and conclusory to survive a 12(b)(6) motion, even by the relaxed pleading standards afforded to pro se litigants.

An appropriate order will be entered.

                                                                           */s/ Waverly D. Crenshaw, Jr.*
                                                                           WAVERLY D. CRENSHAW, JR.
                                                                           UNITED STATES DISTRICT JUDGE